IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-01786-WYD

IN RE UTE MESA LOT 1, LLC, a Colorado limited liability corporation,

      Debtor.

_____

UTE MESA LOT 1, LLC,

      Plaintiff / Appellant,

v.

FIRST CITIZENS BANK & TRUST COMPANY and
UNITED WESTERN BANK,

      Defendants / Appellees.

_____

**ORDER**

_____

I.    <u>INTRODUCTION</u>

      THIS MATTER comes before the Court on the appeal by Appellant Ute Mesa Lot 1, LLC ("Ute Mesa") from an order issued by the Bankruptcy Court made in Adversary Proceeding number 11-01204-ABC.  This appeal arises from the Bankruptcy Court's June 14, 2011 Order Granting the Defendant First Citizen Bank & Trust Company's Motion to Dismiss ("Order").  In the Order, the Bankruptcy Court concluded that a lis pendens does not create a new interest and only serves the limited purpose of notice. Thus, the filing of a lis pendens is not a transfer disposing of or parting with an interest in the property within the meaning of 11 U.S.C. § 547.  (Order at 1-2).  The effect of this Order dismissed Ute Mesa's complaint seeking avoidance of a lis pendens that was

recorded on May 21, 2010 during the 90 days prior to the filing of the underlying bankruptcy petition.

Ute Mesa asserts that the Bankruptcy Court's Order errs in determining that a lis pendens is not a transfer because it fails to consider the effect of the recordation. Moreover, Ute Mesa argues that there is "substantial federal statutory language and case law that treats a recorded lis pendens as an avoidable transfer in the context of the Bankruptcy Code." (Ute Mesa's Opening Br. at 5, ECF No. 16).

For the reasons stated below, I am not persuaded by Ute Mesa's arguments and affirm the Order of the Bankruptcy Court.

II.   <u>BACKGROUND</u>

The relevant material facts are undisputed. On August 13, 2010, Debtor Ute Mesa filed for relief under Chapter 11 of the Bankruptcy Code. Ute Mesa continues as debtor-in-possession of the real property located in Pitkin County, Colorado (the "Property").

Prior to the filing of the bankruptcy action, United Western National Bank ("UWB") commenced a civil action in the state district court of Pitkin County, Colorado against several defendants including Ute Mesa (the "State Court Action"). Relevant to Ute Mesa and this matter, the State Court Action involved a loan from UWB to Ute Mesa (the "Loan"). On May 21, 2010, UWB recorded a lis pendens in the real property records of Pitkin County, Colorado (the "Lis Pendens") with respect to Ute Mesa's Property.

On or about January 21, 2011, UWB was closed and the FDIC was appointed as

receiver.  During this process, the FDIC acquired from UWB, among other assets, the Loan.  Subsequently, the Appellee, First-Citizens Bank and Trust Company ("First-Citizens"), acquired the FDIC's interests in the Loan and UWB's claims asserted in the State Court Action.

On April 1, 2011, Ute Mesa commenced the subject adversary proceeding alleging that the filing and recordation of the Lis Pendens constituted an avoidable transfer under 11 U.S.C. § 547.  Accordingly, Ute Mesa asked the Bankruptcy Court for a judgment avoiding the Lis Pendens.  On July 27, 2011, First-Citizens moved to dismiss Ute Mesa's Complaint, arguing that recording a lis pendens was not a transfer that could be avoided under § 547.  Instead, First-Citizens asserted that a lis pendens merely provides notice to prospective purchasers and is not a transfer of an interest in property or a lien.

In its Order granting First-Citizens Motion to Dismiss, the Bankruptcy Court concluded that under Colorado law, "a lis pendens merely provides that a subsequent purchaser will be bound by the outcome of the litigation, and does not create a new interest." (Order at 2).  Thus, "the filing of a lis pendens is not a transfer disposing of or parting with an interest in the property within the meaning of § 101(54)(D)(ii).  Consequently, a lis pendens is not a transfer within the meaning of § 547." (Order at 2).  Ute Mesa now appeals the Bankruptcy Court's ruling.

III.   ANALYSIS

A.   Standard of Review

On appeal, I may affirm, modify, or reverse the Bankruptcy Court's Order, or

remand with instructions for further proceedings. *Kimco Leasing, Inc. v. Knee,* 144 B.R. 1001, 1005 (N.D.Ill. 1992).  I must review the findings of fact under a "clearly erroneous" standard.  *Id.*  A "finding of fact is clearly erroneous if it is without factual support in the record or if, after a review of all the evidence, we are left with the definite and firm conviction that a mistake has been made."  *In re Davidovich*, 901 F.2d 1533, 1536 (10th Cir. 1990).  I must review the Bankruptcy Court's conclusions of law, on the other hand, *de novo. Id.* "The burden of proof is on the party seeking to reverse a bankruptcy court's holding."  *In re Johnson*, 236 B.R. 510, 518 (D.C. Cir. 1999).  "That party must show that the court's holding was clearly erroneous as to its assessment of the facts or erroneous in its interpretation of the law, and not simply that another conclusion could have been reached."  *Id.*  Here, since the facts are undisputed and thus, this is a question of law, I must conduct a *de novo* review of the Bankruptcy Court's conclusions of law.

B.      Whether the Bankruptcy Court Erred in Ruling that a Lis Pendens is Not a Transfer that Can Be Avoided Under 11 U.S.C. § 547

In the pending appeal, Ute Mesa argues that the Bankruptcy Court committed reversible error when it determined that a lis pendens is not a transfer because it failed to consider the effect of the recordation.  Ute Mesa further contends that the Bankruptcy Court's conclusion is in contravention of federal statutory and case law that treats a recorded lis pendens as an avoidable transfer under § 547 of the Bankruptcy Code. (Opening Br. at 5-12).

1.   The Bankruptcy Code

Initially, I turn to the relevant sections of the Bankruptcy Code.  The Code defines

a "Transfer" as:

> (A) the creation of a lien;
>
> (B) the retention of title as a security interest;
>
> (C) the foreclosure of a debtor's equity of redemption; or
>
> (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—
>
> > (i) property; or
> >
> > (ii) an interest in property.

11 U.S.C. § 101(54).

Under 11 U.S.C. § 547(b), the trustee may avoid any transfer of an interest of the

debtor in property—

> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made—
>
> > (A) on or within 90 days before the date of the filing of the petition; or
> >
> > (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if—

> (A) the case were a case under chapter 7 of this title;
>
> (B) the transfer had not been made; and
>
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

>    2.   <u>Colorado Law</u>

I note that the Bankruptcy Code does not contain definitions of "property," "interests in property," or "lis pendens." However, "[f]or purposes of most bankruptcy proceedings, property interests are created and defined by state law." *In re Ogden*, 314 F.3d 1190, 1197-98 (10th Cir. 2002). Since there is no substantive federal lis pendens law, the parties correctly assert that lis pendens actions are governed by Colorado law. *See Al-Ibrahim v. Hadid*, No. 96-B-2429, 1997 WL 606238, at *8 (D.Colo. April 10, 1997). Thus, Colorado law should be applied to determine the extent of the subject property rights and define such relevant terms as lis pendens. *See McKenzie v. Irving Trust Co.*, 323 U.S. 365, 370 (1945).

In its Order, the Bankruptcy Court correctly stated that Colorado has consistently held that the filing of a lis pendens is merely a method of giving notice and does not create a lien. (Order at 2) (citing *Kerns v. Kerns*, 53 P.3d 1157, 1163-64 (2002)). In *Hewitt v. Rice*, 154 P.3d 408, 412 (Colo. 2007), the Colorado Supreme Court stated that the

> [f]iling of a lis pendens is not intended to be an advantageous mechanism for a party. Lis pendens filings are designed to provide notice to third parties that there is a suit involving the property subject to the lis pendens. A lis pendens does not

> constitute a lien against real property.  It merely gives notice
> of pending litigation to persons acquiring interests in the
> property.

*Id.* (internal citations omitted).  The *Hewitt* Court went on to state that "while filing a lis

pendens may render the title of the subject property unmarketable, the lis pendens is

designed primarily to protect unidentified third parties . . . ."  *Id.* (internal quotation marks

and citations omitted).

        3.   <u>Analysis</u>

In its Order, the Bankruptcy Court first determined that pursuant to Colorado law,

"the filing of a lis pendens does not create a lien, retain title as a security interest, or

foreclose on a debtor's equity of redemption."  (Order at 2).  The Bankruptcy Court went

on to reject Ute Mesa's argument that the recording of a lis pendens is a transfer under

11 U.S.C. § 101(54)(D) on two grounds.  First, the Bankruptcy Court noted that the

subject Property remains in the possession of Ute Mesa, thus, "the property has not

been disposed of or parted with within the meaning of § 101(54)(D)(i)."  (Order at 2).

Second, the Bankruptcy Court determined that pursuant to Colorado law,

> since a lis pendens only serves the limited purpose of *notice*,
> the filing of a lis pendens is not a transfer disposing of or
> parting with an *interest in the property* within the meaning of
> § 101(54)(D)(ii).  Consequently, a lis pendens is not a
> transfer within the meaning of § 547.

(Order at 2) (emphasis in original).

Turning to my analysis, I note that I could not find any controlling Tenth Circuit

precedent on this issue.  However, after my review of the relevant case law, I find there

to be differing approaches taken by various courts in addressing the question of

whether the filing of a lis pendens constitutes a transfer so as to qualify for preferential

disqualification under  § 547.  *See Wells Fargo Funding v. Gold*, 432 B.R. 216 (E.D.VA.

2009) (holding that filing a lis pendens does not create a lien, but it is a consequential

action which may be avoided);  *In re Gruseck & Son, Inc.*, 385 B.R. 799 (Table) (6th Cir.

B.A.P. 2008) (holding that a lis pendens is a transfer); *In re Perosio*, 364 B.R. 868

(N.D.NY. 2006) (filing of lis pendens did not constitute avoidable transfer); *In re Lane*,

980 F.2d 601 (9th Cir. 1992) (concluding that a lis pendens is an avoidable transfer

under § 547); *In re Leitner*, 236 B.R. 420 (D.Kan. 1999) (holding that a lis pendens is

merely a notice, not a transfer).

      Based on my review of the Bankruptcy Court's Order, I find that the Bankruptcy

Court's conclusions are supported by both the Bankruptcy Code, Colorado law and

decisions from other jurisdictions.  I further find Ute Mesa's reliance on contrary

interpretations of this issue from other jurisdictions to be unavailing.  Thus, Ute Mesa

has failed to meet its burden of proof to reverse the Bankruptcy Court's Order in that I

am not convinced that the Bankruptcy Court erred in its interpretation of the law.  While I

recognize that Ute Mesa has adopted a different interpretation of the split of authority

than the Bankruptcy Court, this is not grounds for reversal.   I find that under Colorado

law, 11 C.R.S. §§ 101(54)(D) and 547, in the context of this bankruptcy case, the filing

of the Lis Pendens is not a transfer.  Based on the record before me, I find that the

Bankruptcy Court examined the arguments of both parties along with the relevant law,

and made sound and well-reasoned findings.

      Accordingly, I find that there is no evidence in the record of any error with respect

to the Bankruptcy Court's holding that a lis pendens is not a transfer within the meaning of § 547.

IV.   <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that Ute Mesa's appeal of the Bankruptcy Court's Order, holding that a lis pendens is not a transfer within the meaning of 11 U.S.C. § 547, is without merit. Accordingly, the Bankruptcy Court's June 14, 2011 Order is **AFFIRMED**, and this appeal is **DISMISSED.**

Dated:  March 23, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge